1  ALEXANDER B. CVITAN (CSB 81746) and
   J. DAVID SACKMAN (CSB 106703), and
2  NATALIA BAUTISTA (CSB 245669), Members of
   REICH, ADELL & CVITAN
3  A Professional Law Corporation
   3550 Wilshire Boulevard, Suite 2000
4  Los Angeles, California 90010-2421
   Telephone: (213) 386-3860
5  Facsimile: (213) 386-5583
   email: jds@rac-law.com
6
   Attorneys for Plaintiffs
7

**FILED**

AUG 7 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ BY _____ DEPUTY

'08 CV 1442 BTM CAB

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ENEDINO DURAN GOMEZ; GERARDO DURAN TOVAR; REYNALDO GALVAN; OSCAR GARCIA-TOVAR; ZACARIAS GUTIERREZ MILLA; ALVARO JUAN JIMENEZ; ANTONIO JIMENEZ; ANDRES MILLAN; JUAN MILLAN-MARTINEZ; BENITO ROJAS; RAFAEL VELAZQUEZ, and a Class of similarly-situated employees and participants, | NO. CLASS ACTION COMPLAINT FOR: (1) to (3) VIOLATIONS OF ERISA FIDUCIARY DUTIES - PLANS 1, 2 AND 3 (29 U.S.C. § 1132(a)(2)); (4) FAILURE TO PROVIDE INFORMATION TO ERISA PARTICIPANTS (29 U.S.C. § 502(c)(1)); |

11 ENEDINO DURAN GOMEZ;
12 GERARDO DURAN TOVAR;
   REYNALDO GALVAN; OSCAR
13 GARCIA-TOVAR; ZACARIAS
   GUTIERREZ MILLA; ALVARO
14 JUAN JIMENEZ; ANTONIO
   JIMENEZ; ANDRES MILLAN; JUAN
15 MILLAN-MARTINEZ; BENITO
   ROJAS; RAFAEL VELAZQUEZ, and
16 a Class of similarly-situated employees
   and participants,

17              Plaintiffs,

18     vs.

19 ROSSI CONCRETE, INC., a California
   Corporation; JOSEPH JAMES ROSSI,
20 an individual; ROSSI CONCRETE,
   INC. DEFINED BENEFIT PENSION
21 PLAN, an employee pension benefit
   plan,
22
                Defendants.
23

24

25

26

27

28

NO.

CLASS ACTION

COMPLAINT FOR:
(1) to (3) VIOLATIONS OF ERISA
FIDUCIARY DUTIES - PLANS 1, 2
AND 3 (29 U.S.C. § 1132(a)(2));
(4) FAILURE TO PROVIDE
INFORMATION TO ERISA
PARTICIPANTS (29 U.S.C. §
502(c)(1));
(5) VIOLATION OF ERISA
TERMINATION PROVISIONS (29
U.S.C. § 1370(a))
(6) FAIR LABOR STANDARDS ACT
(29 U.S.C. § 216(b))
(7) FAILURE TO PAY MINIMUM
WAGES AND OVERTIME (CA Labor
Code § 1194);
(8) UNLAWFUL DEDUCTIONS FROM
WAGES (CA Labor Code §§ 221-224,
1194);
(9) FAILURE TO PROVIDE REST
AND MEAL PERIODS (CA Labor Code
§§ 226.7 & 512);
(10) FAILURE TO PAY WAGES ON
TERMINATION (CA Labor Code § 203)
(11) CALIFORNIA UNFAIR
BUSINESS PRACTICES (CA Bus. &
Prof. Code § 17200)
[ JURY DEMAND ]

ORIGINAL

155789.2

1    Plaintiffs complain and allege as follows:

2

3                        [JURISDICTION AND VENUE]

4

5        1.    This is an action by employees against their employer for breach of

6    fiduciary duties as to three benefit plans sponsored by the same employer, and for

7    violation of federal and state wage and hour laws. This Court has jurisdiction over

8    the First through Fifth Claims pursuant to the Employee Retirement Income Security

9    Act (ERISA) §§ 502 and 4070, 29 U.S.C. §§ 1132 and 1370. This Court has

10   jurisdiction over the Sixth Claim pursuant to the Fair Labor Standards Act (FLSA),

11   29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the remaining

12   state claims pursuant to 28 U.S.C. § 1367(a) as arising from the same core facts,

13   namely the payroll practices of the employer. Venue is proper in this district as

14   defendants and plaintiffs all reside here, and the work took place within this district.

15

16                              [PARTIES]

17

18       2.    Named Plaintiff Enedino Duran Gomez (Gomez) was and is an

19   individual residing in the County of San Diego, State of California.

20

21       3.    Named Plaintiff Gerardo Duran Tovar (Duran-Tovar) was and is an

22   individual residing in the County of San Diego, State of California.

23

24       4.    Named Plaintiff Reynaldo Galvan (Galvan) was and is an individual

25   residing in the County of San Diego, State of California.

26

27       5.    Named Plaintiff Oscar Garcia-Tovar (Garcia-Tovar) was and is an

28   individual residing in the County of San Diego, State of California.

1    6.    Named Plaintiff Zacarias Gutierrez Milla (Milla) was and is an
2 individual residing in the County of San Diego, State of California.
3

4    7.    Named Plaintiff Alvaro Juan Jimenez (Juan Jimenez) was and is an
5 individual residing in the County of San Diego, State of California.
6

7    8.    Named Plaintiff Antonio Jimenez (Antonio Jimenez) was and is an
8 individual residing in the County of San Diego, State of California.
9

10    9.    Named Plaintiff Andres Millan (Millan) was and is an individual
11 residing in the County of San Diego, State of California.
12

13    10.    Named Plaintiff Juan Millan-Martinez (Millan-Martinez) was and is an
14 individual residing in the County of Riverside, State of California.
15

16    11.    Named Plaintiff Benito Rojas (Rojas) was and is an individual residing
17 in the County of Riverside, State of California.
18

19    12.    Named Plaintiff Rafael Velazquez (Velazquez) was and is an individual
20 residing in the County of San Diego, State of California.
21

22    13.    Plaintiffs Gomez, Duran-Tovar, Galvan, Garcia-Tovar, Milla, Juan-
23 Jimenez, Antonio Jimenez, Millan, Millan-Martinez, Rojas and Velazquez shall be
24 referred to hereafter collectively as "Named Plaintiffs."  Named Plaintiffs are each
25 employees, or former employees, of Defendant Rossi Concrete, Inc.
26

27    14.    Defendant ROSSI CONCRETE, INC. (Employer) is a California
28 Corporation, licensed to do business in the State of California, with its principal

1  place of business in the County of San Diego, State of California.

2

3      15.    Defendant  JOSEPH JAMES ROSSI (Owner) is an individual residing

4  in San Diego County, California.  Plaintiffs are informed and believe, and on that

5  basis allege, that Owner is the President and majority shareholder of Employer, and

6  is the Qualifying Officer on the contractor's license of Employer.

7

8      16.    Defendant ROSSI CONCRETE, INC. DEFINED BENEFIT PENSION

9  PLAN (Plan 1) is an employee pension plan and employee benefit plan, as defined

10 by ERISA §§ 3(2) and 3(3), respectively, 29 U.S.C. §§ 1002(2) and 1002(3), and is a

11 "defined benefit plan" as defined in ERISA § 3(35), 29 U.S.C.§ 1002(35).

12

13     17.    Plaintiffs are informed and believe, and on that basis allege, that Owner

14 was personally responsible for devising and implementing the policies described in

15 this complaint, and therefore should be held personally liable for any liability as a

16 fiduciary of the employee benefit plans.

17

18     18.    BENEFIT SYNERGY is a person or entity of unknown type.  Benefit

19 Synergy is not registered in the State of California as a corporation, partnership or

20 fictitious business name.  As far as plaintiffs can tell, "Benefit Synergy" does not

21 exist.

22

23     19.    Plaintiffs are informed and believe, and on that basis allege, that the

24 ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO

25 CHAPTER, INC.  (AGC), is a California non-profit corporation.

26 //

27 //

28 //

155789.2

-4-

[CLASS ACTION ALLEGATIONS]

20.    Named Plaintiffs propose to represent the following class, applicable to all claims, except the Fourth and Sixth Claims:

All current and former employees of Employer, who have performed construction work on public works for Employer within four years of the filing of this Complaint.

21.    Named Plaintiffs propose the following sub-classes, applicable to specific claims:

SUBCLASS 1:    Participants, or former participants within the last four years, of the employee benefit plan defined as PLAN 1 below. This subclass is applicable to the First and Fifth Claims. Named Plaintiffs Galvan and Millan-Martinez are proposed as representatives of this subclass.

SUBCLASS 2:    Participants, or former participants within the last four years, of the employee benefit plan defined as PLAN 2 below. This subclass is applicable to the Second Claim only. Named Plaintiffs are informed and believe that they are participants, or former participants of the employee benefit plan defined as PLAN 2 and are proposed as representatives of this subclass.

SUBCLASS 3:    Participants, or former participants within the last four years, of the employee benefit plan defined as PLAN 3 below. This subclass is applicable to the Third Claim only. Named Plaintiffs Galvan, Millan, Millan-Martinez, Rojas, and Velazquez are proposed as representatives of this subclass.

SUBCLASS 4:    Those former employees in the Class who were terminated or left

1    employment before the filing of this lawsuit.  This subclass is
2    applicable to the Tenth Claim only.   Named Plaintiffs, Gomez,
3    Duran-Tovar, Antonio Jimenez, Galvan, Milla, Velazquez,
4    Millan, Millan-Martinez, and Rojas are proposed as
5    representatives of this subclass.
6
7    22.    Plaintiffs are informed and believe that there are over 175 persons
8    within the proposed class, and at least 50 in each of the proposed subclasses.
9
10    23.   Named Plaintiffs will fairly and adequately represent the interests of the
11    proposed class.  Named Plaintiffs have claims typical of those of the proposed class,
12    and a vested interest in prosecuting those claims for the entire class.  Named
13    Plaintiffs have retained counsel experienced in ERISA, wage & hour, and class
14    litigation, and propose the undersigned counsel as Class Counsel in this case.
15
16    24.    The claims of the proposed class present common questions of fact and
17    law.  The violations of law described in this complaint are the result of uniform
18    policies of the Employer toward all of its construction workers.  For example, it
19    uniformly failed to fund contributions to its pension plans, on behalf of all
20    employees, contrary to the requirements of applicable prevailing wage regulations
21    as well as the written requirements of those plans.  Each of the (insufficient)
22    contributions it did make were transmitted in  a single report and a single check to
23    each Plan, as to all employees.  Also, it is the policy of the Employer that all
24    employees in the Class described above are required to report to the Employer's
25    yard, ready to perform work there, but they are not compensated for that time, or
26    compensated at less than the prevailing wage rate.  The Employer also maintains a
27    uniform policy regarding pay for traveling between the Employer's yard to the
28    jobsite, and back again.  In particular, the Employer pays a flat rate, less than the

1  prevailing wage, for time traveling from the yard to the jobsite and back, rather than

2  the actual time worked. All issues of liability are common to all proposed class

3  members; only the calculation of damages varies by individual. Even in the

4  calculation of damages, the payroll records necessary to prove damages are

5  primarily kept in documents common to all class members.

6

7      25.   The claims of the Named Plaintiffs are typical of those of the proposed

8  CLASS. Each of the Named Plaintiffs has suffered the deprivations described in

9  this complaint.

10

11     26.   Class certification is appropriate under Rule 23(b)(1)(B) of the Federal

12 Rules of Civil Procedure, for SUBCLASSES 1 through 3, related to Claims 1

13 through 3, for violation of ERISA fiduciary duties, 29 U.S.C. §§ 1109(a) and

14 1132(a)(2), and to Claim 5 for violation of ERISA termination provisions, 29 U.S.C.

15 §§ 1341 and 1370. Prosecution of separate actions by individual members of these

16 subclasses would create a risk of adjudications with respect to individual members

17 of the class which would as a practical matter be dispositive of the interests of the

18 other members not parties to the adjudications or substantially impair or impede

19 their ability to protect their interests. These ERISA claims allow only for recovery

20 to the plan(s), not individual plaintiffs, so that plaintiffs seek an accounting and

21 recovery of a common fund as to these claims, which would benefit the entire

22 Subclass as to each Plan.

23

24     27.   Class certification is appropriate under Rule 23(b)(3) of the Federal

25 Rules of Civil Procedure, as to all claims, except the Fourth and Sixth, in that

26 common questions of law and fact predominate over any questions affecting

27 individual members, so that a class action is appropriate under Rule 23(b)(3). These

28 claims all involve uniform policies of the Employer as to all members of the class.

1  For example, proof of both liability and damages will center on documents common
2  to all class members, so that prosecution of separate individual actions will require
3  the production of the same document many times, each time redacted to exclude
4  private information of all but the individual plaintiff; whereas a class action will
5  allow a single production of the documents, subject to an appropriate protective
6  order to prevent public disclosure.  Regarding the Seventh Claim in particular, it
7  involves the same facts and thus the same evidence as the First through Third
8  Claims, which are appropriate for class certification under Rule 23(b)(1)(B).  Also,
9  because of the ability of the Employer to intimidate and threaten individual
10  employees, a class action is preferable to separate individual actions.

12      28.    Plaintiffs propose to give notice by mail to the last known address of
13  each class member, which the Employer is required by law to maintain, on a form
14  approved by the Court.  Plaintiffs intend to pursue their own additional investigation
15  to update those lists, and provide additional notice if necessary.

17            [ALLEGATIONS COMMON TO ALL CLAIMS]

19      29.    The business of Employer is a construction contractor on public and
20  private works projects in California.

22      30.    Among others, Employer has worked as a contractor on the following
23  projects:

25  Project Name                              Public Agency

27  #1852 San Elijo ES                        San Marcos SD

| | |
|---|---|
| 1 | Park Ave. Trolley | City of San Diego |
| 2 | | |
| 3 | Ronald Reagan ES | Murrieta SD |
| 4 | | |
| 5 | Caltrans District 11 Office Building | Cal Trans |
| 6 | | |
| 7 | #1861Louse Faussat Elementary | Oceanside-Carlsbad USD |
| 8 | | |
| 9 | #1926 Chula Vista HS | Chula Vista SD |
| 10 | | |
| 11 | Encinas Wastwater Authority O&M Facility | Carlsbad-Encinitas Wastwater |
| 12 | | Authority |
| 13 | | |
| 14 | #1933 Palm Desert MS | Palm Desert SD |
| 15 | | |
| 16 | #1831 Cesar Chavez MS | Oceanside-Carlsbad USD |
| 17 | | |
| 18 | Poinssetia ES | Oceanside-Carlsbad USD |
| 19 | | |
| 20 | #1922 UCSD East Campus Housing | Regents of UC |

23  The above projects, plus others to be discovered, are all "public works," as defined

24  in California Labor Code § 1720, on which the "prevailing wage" is required to be

25  paid all workers, pursuant to California Labor Code § 1771. These will be

26  collectively referred to here as "Prevailing Wage Projects."

28      31.    The Employer sponsored the following three pension plans, which will

1  be referred to collectively here as "Plans":

2

3  Plan 1:       ROSSI CONCRETE, INC. DEFINED BENEFIT PENSION PLAN

4  Plan 2:       ROSSI CONCRETE, INC. PROFIT SHARING 401K PLAN

5  Plan 3:       ROSSI CONCRETE, INC. 401K PSP

6  Each of the Plans is an employee pension plan and employee benefit plan, as defined

7  by ERISA §§ 3(2) and 3(3), respectively, 29 U.S.C. §§ 1002(2) and 1002(3).

8

9       32.    Plan 1 is a "defined benefit plan" as defined in ERISA § 3(35), 29

10  U.S.C.§ 1002(35).  Owner is a Trustee, and thus fiduciary of Plan 1.  Plan 1 is

11  administered by Employer and "Benefit Synergy."

12

13       33.    Plan 2 is an "individual account plan" as defined in ERISA § 3(34), 29

14  U.S.C. § 1002(34).  Owner is a Trustee, and thus a fiduciary of Plan 2.  Plan 2 is

15  administered by Employer and "Benefit Synergy."

16

17       34.    Plan 3 is an "individual account plan" as defined in ERISA § 3(34), 29

18  U.S.C. § 1002(34).  Trustees of the AGC is the administrator of Plan 3.

19

20       35.    Named Plaintiffs Galvan and Millan-Martinez are participants of Plan

21  1, or have a bona fide claim to future benefits from this Plan.

22

23       36.    Named Plaintiffs are informed and believe that they are participants of

24  Plan 2, or have a bona fide claim to future benefits from this Plan.

25

26       37.    Named Plaintiffs, Galvan, Millan, Millan-Martinez, Velazquez, and

27  Rojas,  are participants of Plan 3, or have a bona fide claim to future benefits from

28  this Plan.

1    38.    The Employer claims credit for contributions to the Plans towards its

2  obligation to meet the minimum prevailing wage on the Prevailing Wage Projects.

3

4    39.    The Employer has had the following consistent policies and practices,

5  as to all employees performing construction work over the last four years, and

6  continues these practices:

7         a.    The Employer has not paid the Plans the amount it claims as

8         credit towards prevailing wages on the Prevailing Wage Projects, and it

9         claims amounts deducted from employee pay as an employer contribution;

10         b.    The Employer failed to pay the contributions required by each of

11         the Plans on behalf of its employees;

12         c.    Employer did not pay its employees the required prevailing wage

13         rates for work on Prevailing Wage Projects;

14         d.    Employer failed to pay its employees for all hours worked,

15         specifically including the time from when employees were required to report

16         to the Employer's yard to when they arrived at the jobsite.

17         e.    Employer failed to pay for work performed after eight in a day or

18         after forty in a week, at the appropriate overtime rates;

19         f.    Employer did not authorize or permit its employees their required

20         rest and meal periods;

21         g.    Employer deducted money from employee pay for the purchase

22         and maintenance of uniforms it required on the job;

23         h.    Employer failed to pay employees whose employment ceased, all

24         wages due them within the time required by law.

25

26

27    40.    All of the above practices and procedures have been done under the

28  specific direction and control of Owner.  Plaintiffs are informed and believe and on

1 that basis allege, that Owner diverted the funds illegally derived from the above

2 practices to his own personal use, and to hide those funds from his creditors.

3

4                              FIRST CLAIM FOR RELIEF

5                    Violation of ERISA Fiduciary Duties as to Plan 1

6                       Against Defendants Employer and Owner

7            [ERISA §§ 409 and 502(a)(2); 29 U.S.C. §§ 1109 and 1132(a)(2)]

8

9       41.    Plaintiffs incorporate all prior allegations, and all allegations in

10 subsequent Claims. Unless specified otherwise, all allegations as to the "Plan" in

11 this Claim refers to Plan 1, described above.

12

13      42.    The Owner is a fiduciary as to the Plan, as defined in ERISA §

14 3(21)(A), 29 U.S.C. § 1002(21)(A), in that he is designated as the Trustee of the

15 Plan, with authority over its assets and operations.

16

17      43.    The Employer and Owner have exercised and continue to exercise

18 authority and control over the management and disposition of the assets of the Plan.

19 The Employer exercises control over these assets in that it kept required

20 contributions owed the Plan in its own accounts, rather than pay them over to the

21 Plan, and/or used the assets for other purposes. The Owner exercised control over

22 these assets in that he was the one with authority to write (or not write) checks from

23 the Employer accounts where the assets were kept, he was the one with the final

24 authority to decide whether the funds would be paid to the Plan or used for some

25 other purpose, and he was the one who directed that the assets be kept or used for

26 other purposes rather than sent to the Plan. The Employer and Owner are therefore

27 each fiduciaries as to the Plan in their authority and control of those Plan assets, as

28 described in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

1    44.   The Employer and Owner have failed to pay over to the Plan the

2   required contributions in their possession and control, but have instead kept those

3   contributions in their own accounts, and mis-stated the amount of contributions

4   owed.  By failing to turn over  the contributions owed on the Employees' behalf to

5   the Plan, the Employer and the Owner have violated their fiduciary duties as to the

6   Plan, under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

7

8    45.   The Employer and Owner have retained the services of "Benefit

9   Synergy" for administration of the Plan, and have paid "Benefit Synergy" from Plan

10   assets. However, "Benefit Synergy" is not a legal entity, so that Employer and

11   Owner have failed to administer the Plan in a prudent manner, and have risked loss

12   to the Plan.  This failure to make sure that the Plan is administered properly by a

13   legal entity, and paying "Benefit Synergy" for services it cannot perform, is a breach

14   of Employer and Owner's fiduciary duties as to the Plan, under ERISA §

15   404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

16

17    46.   Pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a), the Employer and

18   Owner are personally liable for the loss to the Plan resulting from their fiduciary

19   breach, and may be subject to such other equitable or remedial relief to restore the

20   Plan.

21

22    47.   The Named Plaintiffs and the class they represent, as participants in the

23   Plan, seek appropriate relief to remedy these breaches of fiduciary duty, under

24   ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).  Specifically, plaintiffs ask this Court

25   to:

26

27    a.   Order an accounting of the contributions which should have been paid

28        into the Plan, all funds owing to the Plan, and all funds actually paid to the

1  Plan;

2    b.    Order an accounting of all payments made to "Benefit Synergy," to the

3  Employer or to the Owner;

4    b.    Hold the Employer and Owner, and each of them, personally liable,

5  jointly and severally with each other, for the losses to the Plan, in an amount

6  to be determined;

7    c.    Place a constructive trust on the Plan assets found to be in the control of

8  the Employer and/or Owner;

9    d.    Such other equitable relief as this Court deems just and proper.

10

11    48.    Plaintiffs have been required to engage legal counsel to bring this

12  action.  Plaintiffs are entitled to an award of their reasonable fees and costs, pursuant

13  to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), in addition to any other remedy or

14  recovery.

15

16

17                SECOND CLAIM FOR RELIEF

18          Violation of ERISA Fiduciary Duties as to Plan 2

19                Against Defendants Employer and Owner

20        [ERISA §§ 409 and 502(a)(2); 29 U.S.C. §§ 1109 and 1132(a)(2)]

21

22    49.    Plaintiffs incorporate all prior allegations, and all allegations in

23  subsequent Claims.  Unless specified otherwise, all allegations as to the "Plan" in

24  this Claim refers to Plan 2, described above.

25

26    50.    The Owner is a fiduciary as to the Plan, as defined in ERISA §

27  3(21)(A), 29 U.S.C. § 1002(21)(A), in that he is designated as the Trustee of the

28  Plan, with authority over its assets and operations.

51.    The Employer and Owner have exercised and continue to exercise authority and control over the management and disposition of the assets of the Plan. The Employer exercises control over these assets in that it kept required contributions owed the Plan (including contributions deducted from employee pay) in its own accounts, rather than pay them over to the Plan, and/or used the assets for other purposes.  The Owner exercised control over these assets in that he was the one with authority to write (or not write) checks from the Employer accounts where the assets were kept, he was the one with the final authority to decide whether the funds would be paid to the Plan or used for some other purpose, and he was the one who directed that the assets be kept or used for other purposes rather than sent to the Plan.  The Employer and Owner are therefore each fiduciaries as to the Plan in their authority and control of those Plan assets, as described in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

52.    The Employer and Owner have failed to pay over to the Plan the required contributions in their possession and control, including amounts deducted from employee pay and held in the Employer's payroll account, but have instead kept those contributions in their own accounts, and mis-stated the amount of contributions owed.  By failing to turn over  the contributions owed on the Employees' behalf to the Plan, the Employer and the Owner have violated their fiduciary duties as to the Plan, under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

53.    The Employer and Owner have retained the services of "Benefit Synergy" for administration of the Plan, and have paid "Benefit Synergy" from Plan assets. However, "Benefit Synergy" is not a legal entity, so that Employer and Owner have failed to administer the Plan in a prudent manner, and have risked loss to the Plan.  This failure to make sure that the Plan is administered properly by a

1  legal entity, and paying "Benefit Synergy" for services it cannot perform, is a breach

2  of Employer and Owner's fiduciary duties as to the Plan, under ERISA §

3  404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

4

5       54.    Pursuant to ERISA § 409(a), 29 U.S.C. §.1109(a), the Employer and

6  Owner are personally liable for the loss to the Plan resulting from their fiduciary

7  breach, and may be subject to such other equitable or remedial relief to restore the

8  Plan.

9

10      55.    The Named Plaintiffs and the class they represent, as participants in the

11 Plan, seek appropriate relief to remedy these breaches of fiduciary duty, under

12 ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).  Specifically, plaintiffs ask this Court

13 to:

14

15      a.     Order an accounting of the contributions which should have been paid

16             into the Plan (including all amounts deducted from employee pay), all funds

17             owing to the Plan, and all funds actually paid to the Plan;

18      b.     Order an accounting of all payments made to "Benefit Synergy" to the

19             Employer or to the Owner;

20      c.     Hold the Employer and Owner, and each of them, personally liable,

21             jointly and severally with each other, for the losses to the Plan, in an amount

22             to be determined;

23      d.     Place a constructive trust on the Plan assets found to be in the control of

24             the Employer and/or Owner;

25      e.     Such other equitable relief as this Court deems just and proper.

26

27      56.    Plaintiffs have been required to engage legal counsel to bring this

28 action.  Plaintiffs are entitled to an award of their reasonable fees and costs, pursuant

1  to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), in addition to any other remedy or

2  recovery.

4  THIRD CLAIM FOR RELIEF

5  Violation of ERISA Fiduciary Duties as to Plan 3

6  Against Defendants Employer and Owner

7  [ERISA §§ 409 and 502(a)(2); 29 U.S.C. §§ 1109 and 1132(a)(2)]

9  57.    Plaintiffs incorporate all prior allegations, and all allegations in

10  subsequent Claims. Unless specified otherwise, all allegations as to the "Plan" in

11  this Claim refers to Plan 3, described above.

13  58.    The Employer and Owner have exercised and continue to exercise

14  authority and control over the management and disposition of these assets of the

15  Plan. The Employer exercises control over these assets in that it kept required

16  contributions owed the Plan in its own accounts, rather than pay them over to the

17  Plan, and/or used the assets for other purposes. The Owner exercised control over

18  these assets in that he was the one with authority to write (or not write) checks from

19  the Employer accounts where the assets were kept, he was the one with the final

20  authority to decide whether the funds would be paid to the Plan or used for some

21  other purpose, and he was the one who directed that the assets be kept or used for

22  other purposes rather than sent to the Plan. The Employer and Owner are therefore

23  each fiduciaries as to the Plan in their authority and control of those Plan assets, as

24  described in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

26  59.    The Employer and Owner have failed to pay over to the Plan the

27  required contributions in their possession and control, but have instead kept those

28  contributions in their own accounts, and mis-stated the amount of contributions

–17–

1  owed.  By failing to turn over the contributions owed on the Employees' behalf to
2  the Plan, the Employer and the Owner have violated their fiduciary duties as to the
3  Plan, under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

4

5        60.    Pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a), the Employer and
6  Owner are personally liable for the loss to the Plan resulting from their fiduciary
7  breach, and may be subject to such other equitable or remedial relief to restore the
8  Plan.

9

10        61.    The Named Plaintiffs and the class they represent, as participants in the
11  Plan, seek appropriate relief to remedy this breach of fiduciary duty, under ERISA §
12  502(a)(2), 29 U.S.C. § 1132(a)(2).  Specifically, plaintiffs ask this Court to:

13

14        a.    Order an accounting of the contributions which should have been paid
15        into the Plan, all funds owing to the Plan, and all funds actually paid to the
16        Plan;
17        b.    Hold the Employer and Owner, and each of them, personally liable,
18        jointly and severally with each other, for the losses to the Plan, in an amount
19        to be determined;
20        c.    Place a constructive trust on the Plan assets found to be in the control of
21        the Employer and/or Owner;
22        d.    Such other equitable relief as this Court deems just and proper.

23

24        62.    Plaintiffs have been required to engage legal counsel to bring this
25  action.  Plaintiffs are entitled to an award of their reasonable fees and costs, pursuant
26  to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), in addition to any other remedy or
27  recovery.

28

FOURTH CLAIM FOR RELIEF

Failure to Provide Information Required by ERISA

As to Plans 1 and 2

By Named Plaintiffs only, Against Defendant Employer

[ERISA §§ 104(b)(4) and 502(c)(1)(B), 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1)(B)]

63.    Plaintiffs incorporate all prior allegations, and all allegations in subsequent Claims.

64.    Pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), the Employer, as Administrator of Plan 1 and Plan 2, is required, "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

65.    Named Plaintiffs Galvan, Millan, Gonzalez, and Millan-Martinez, did make such written requests to Employer, as to Plan 1 and to Plan 2, by letter from their authorized attorney, dated December 21, 2007 and mailed on or about the same date. Named Plaintiff Velazquez made such written requests to Employer, as to Plan 1 and to Plan 2, by letter from their authorized attorney dated January 3, 2008 and mailed on or about the same date.

66.    The Employer did not respond to these written requests within 30 days, as required by ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B). Plaintiffs' attorneys sent several follow-up letters, on January 28, 2008, January 29, 2008, February 21, 2008 and March 17, 2008 both to the Employer and to "Benefit Synergy."

155789.2

67.    The Employer did not respond at all, until March 6, 2008, when it sent a letter, claiming that it was gathering the requested documents. The Employer did not produce any documents at all, until March 27, 2008. The documents it produced on that date were not responsive to the request. To date, the Employer has failed to produce the documents requested, as required by ERISA and applicable regulations.

68.    Pursuant to ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), the Employer's failure to provide the information requested means that it may "be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. . . . each violation . . . with respect to any single participant or beneficiary, shall be treated as a separate violation."

69.    Pursuant to ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), Plaintiffs have standing to bring this Claim to enforce ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B).

70.    The Employer should be enjoined to provide to Plaintiffs ALL the documents requested in their letters of December 21, 2007 for Plaintiffs Galvan, Millan, Gonzalez, Millan-Martinez, and Gonzalez, and January 3, 2008 for Plaintiff Velazquez.

71.    The Employer should be liable to each Plaintiff, not only for the $100 per day penalty of ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), but also for attorney fees and costs of suit, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

//

//

# FIFTH CLAIM FOR RELIEF
## VIOLATION OF ERISA PLAN TERMINATION PROVISIONS
### By Named Plaintiffs Millan-Martinez and Galvan
### Against Employer, Owner and Plan 1
### [ERISA, 29 U.S.C. §§ 1341 and 1370]

72.    Plaintiffs incorporate all prior allegations, and all allegations in subsequent Claims.

73.    Employer and Owner are purporting to terminate Plan 1.  On about December 3, 2007, Plan 1 sent a Notice of Termination to the Pension Benefit Guarantee Corporation (PBGC).  The PBGC received the notice on December 5, 2007, and assigned it PBGC Case No. 21119800.  The Termination Notice proposed to terminate Plan 1 as of August 15, 2007.

74.    Participants and beneficiaries did not receive a notice of intent to terminate at least sixty days before the proposed termination date, as required by 29 U.S.C. § 1341(a)(2).

75.    Plaintiffs Millan-Martinez and Galvan did not receive any notice of the termination at all, until a letter dated October 3, 2007, entitled "Notice of Plan Benefits."  This document was in English only.  The primary language of Millan-Martinez and Galvan, as well as most of SUBCLASS 1, is Spanish, not English.

76.    The notice given to Plaintiffs and other participants, was not "written in such manner as is likely to be understood by the participant or beneficiary" as required by 29 U.S.C. § 1341, and regulations thereunder.

77.    The Termination Notice sent to the PBGC did not reveal or account for the failure to fund and the failure to provide credits to employees in Plan 1, as alleged in the First Claim.  Plaintiffs are informed and believe, and on that basis allege, that it is the intent of the Employer and Owner to thereby retain the funds which should have been given to Plan 1, and avoid revealing the deficiency of assets by understating the liabilities of Plan 1.

78.    Plaintiffs are informed and believe that the Termination Notice sent to the PBGC generally fails to account for all assets and liabilities of Plan 1.

79.    Plaintiffs Millan-Martinez and Galvan are participants and/or beneficiaries adversely affected by these violations of ERISA termination provisions, in that they were not given proper notice and may have their distributions understated.  They therefore have standing, on their own and as representatives of SUBLCASS 1, to seek appropriate relief pursuant to 29 U.S.C. § 1370(a).

80.    Plaintiffs seek an order of this Court for an accounting of all assets and liabilities of Plan 1, including all transactions between the Plan, Employer, Owner and "Benefit Synergy" and all credit for benefits which Plaintiffs and members of SUBCLASS 1 may be entitled.

81.    Plaintiffs seek an order of this Court voiding the proposed termination, and not allowing Plan 1 to be terminated until the accounting described above has been completed, and any assets belonging to Plan 1 returned, and until the proper notices have been given, in accordance with 29 U.S.C. § 1341(a).

82.    Plaintiffs are entitled to an award of fees and costs, pursuant to 29

U.S.C. § 1370(e).

### SIXTH CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT
### AGAINST EMPLOYER
### [29 U.S.C. § 216(b)]

83.    Plaintiffs incorporate all prior allegations, and all allegations in subsequent Claims.

84.    The Employer failed to pay for all hours worked (including time required to be spent at the Employer's yard and traveling to the jobsite), and failed to pay overtime at the rate of one-and-one-half the required rate, for hours worked in excess of forty per week.

85.    The failure of the Employer to pay Employees one-and-one-half their regular rate of pay for hours worked in excess of forty per week, is a violation of the overtime provisions of 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

86.  Pursuant to 29 U.S.C. § 216(b), the Employees are entitled to recover their unpaid overtime pay, plus liquidated damages equal to the amount of unpaid overtime wages.

87.  Pursuant to 29 U.S.C. § 216(b), other employees may "opt-in" to be included in this claim.  Named Plaintiffs will make an appropriate motion for an order governing notice and the procedure for opting-in to this claim.

1    88.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover a

2 reasonable amount of attorney fees, and costs incurred in this action.

3

4                        SEVENTH CLAIM FOR RELIEF

5              FAILURE TO PAY MINIMUM AND OVERTIME WAGES

6                            AGAINST EMPLOYER

7                          [CA Labor Code § 1194]

8

9    89.    Plaintiffs incorporate all prior allegations, and all allegations in

10 subsequent Claims.

11

12    90.    For work on Prevailing Wage Projects, Defendant Employer was

13 required to pay its employees not less than the prevailing wage rate as determined

14 under California Labor Code § 1773.1, for the classification of work performed.

15 Pursuant to California Labor Code §§ 1771 and 1774, the prevailing wage rates set

16 the minimum wage that Defendant Employer could pay its employees for work on

17 Prevailing Wage Projects.

18

19    91.    Defendant Employer did not pay Plaintiffs and its other employees the

20 proper and required prevailing wage rate for their work on Prevailing Wage

21 Projects.  These were not isolated discrepancies in pay, but reflect a consistent and

22 institutional policy of the Employer to pay at a rate less than the prevailing wage.  In

23 particular, the Employer purported to meet part of its prevailing wage obligation

24 through the provision of fringe benefits, including payments to Plans 1, 2 and 3;

25 however it did not pay into those Plans and other benefits the amount it claimed

26 towards prevailing wages.

27

28    92.    Defendant Employer did not pay Plaintiffs and its other employees for

155789.2                              −24−

1  all hours worked, and did not pay overtime at the rate of one-and-one-half the

2  regular rate, for hours worked in excess of eight in a day or forty in a week.

3

4    93.    Pursuant to California Labor Code §§ 510, 1810-11, 1815 and Wage

5  Order 16-2001 of the Industrial Welfare Commission, "Any work in excess of eight

6  hours in one workday and any work in excess of 40 hours in any one workweek and

7  the first eight hours worked on the seventh day of work in any one workweek shall

8  be compensated at the rate of no less than one and one-half times the regular rate of

9  pay for an employee.  Any work in excess of 12 hours in one day shall be

10  compensated at the rate of no less than twice the regular rate of pay for an employee.

11  In addition, any work in excess of eight hours on any seventh day of a workweek

12  shall be compensated at the rate of no less than twice the regular rate of pay of an

13  employee."

14

15    94.    Pursuant to California Labor Code § 1194, Plaintiffs, individually and

16  on behalf of employees similarly situated, are entitled to the balance of the full

17  amount of minimum prevailing wages and overtime wages owed them, calculated at

18  the proper rate, together with interest from the date those wages were due.

19

20    95.    Pursuant to California Labor Code § 1194.2, Plaintiffs, individually and

21  on behalf of employees similarly situated, are entitled to recover liquidated damages

22  in an amount equal to the minimum wages unpaid, in addition to the amount alleged

23  above.

24

25    96.    Pursuant to California Labor Code § 1194(a), Plaintiffs are entitled to

26  recover their reasonable attorney fees and costs.

27

28

155789.2

EIGHTH CLAIM FOR RELIEF

UNAUTHORIZED DEDUCTIONS FROM PAY

AGAINST EMPLOYER AND OWNER

[CA Labor Code §§ 221-224, 1194]

97.   Plaintiffs incorporate all prior allegations, and all allegations in subsequent Claims.

98.   As a general practice applicable to all field employees, Employer required all field employees to have uniforms, and required employees to purchase and maintain those uniforms at their own expense.

99.   As a general practice applicable to all field employees, the Employer deducted the purchase or replacement price of the uniform from all employees, and additionally deducted approximately $6.00 per week for maintenance of those uniforms.  Usually, those deductions were not authorized in writing by employees.

100.   Those deductions which were not authorized in writing were in violation of California Labor Code §§ 221 through 224.  Plaintiffs are informed and believe that unauthorized deductions were made for other purposes as well.

101.   All deductions for purchase, replacement or maintenance of uniforms, whether authorized or not, were in violation of the applicable IWC Wage Order 16-2001, which requires the employer to pay for the cost of required uniforms.  This requirement of the IWC Wage Order is a legal minimum wage, which may not be reduced by the Employer, and is enforceable through Labor Code § 1194.

102.   Pursuant to California Labor Code § 1194, Plaintiffs, individually and

155789.2

-26-

1   on behalf of employees similarly situated, are entitled to recover the amount

2   unlawfully deducted for uniforms or for other purposes, together with interest from

3   the date those wages were due.

4

5        103.   Pursuant to California Labor Code § 1194.2, Plaintiffs, individually and

6   on behalf of employees similarly situated, are entitled to recover liquidated damages

7   in an amount equal to the amount unlawfully deducted for uniforms or for other

8   purposes, in addition to the amount alleged above.

9

10       104.   Pursuant to California Labor Code § 1194(a), Plaintiffs are entitled to

11  recover their reasonable attorney fees and costs.

12

13

14                        NINTH CLAIM FOR RELIEF

15            FAILURE TO PROVIDE MEAL AND REST PERIODS

16                          AGAINST EMPLOYER

17                      [CA Labor Code §§ 512 and 226.7]

18

19       105.   Plaintiffs incorporate all prior allegations, and all allegations in

20  subsequent Claims.

21

22       106.   California law, as set forth in California Labor Code § 512 and

23  Industrial Welfare Commission Order No. 16-2001, and any successor Wage Orders,

24  requires the Employer to provide a 30 minute meal period for every five hours of

25  continuous work in a day, plus a rest period of 10 minutes for every four hours of

26  continuous work in a day.

27

28       107.   As a regular practice of the Employer, employees were not permitted to

1  take their required rest periods, and were often not allowed to take a meal period
2  either.

3

4      108.  Pursuant to California Labor Code sections 226.7 and 512(a), Plaintiffs,
5  individually and on behalf of employees similarly situated, are entitled to recover
6  one hour of pay for each meal or rest period which they were not allowed to take.

7

8

9

10                        TENTH CLAIM FOR RELIEF
11           FAILURE TO PAY WAGES UPON TERMINATION
12                      AGAINST EMPLOYER
13                  [CA Labor Code § 203]

14

15      109.  Plaintiffs incorporate all prior allegations, and all allegations in
16  subsequent Claims.

17

18      110.  This claim is brought by Named Plaintiffs , for themselves, and the
19  subclass of former employees who were terminated or left employment before this
20  lawsuit was filed (Terminated Employees), and not by the other Named Plaintiffs or
21  on behalf of the class outside this subclass.

22

23      111.  California Labor Code section 203 requires every employer to pay an
24  employee whose employment has ceased all wages owed to the employee at stated
25  periods of time, in no event later than 72 hours after the employment has ended.

26

27      112.  The Terminated Employees were not paid all of the wages due them
28  upon termination, or within 72 hours, as described in the previous allegations.

1  Defendant Employer's failure to pay said wages on time or at all was willful within

2  the meaning of Labor Code section 203.

3

4      113.  Each of the Terminated Employees is entitled to one day's wages for

5  each day he or she was not timely paid all wages due on and after the end of his or

6  her employment, up to a maximum of 30 days' wages.

7

8

9               ELEVENTH CLAIM FOR RELIEF

10               UNFAIR BUSINESS PRACTICES

11              AGAINST EMPLOYER AND OWNER

12          [ Business and Professions Code § 17200 et seq.]

13

14      114.  Plaintiffs incorporate all prior allegations, and all allegations in

15  subsequent Claims.

16

17      115.  The failures to pay minimum, overtime and other wages, and the other

18  conduct of Employer described above constitute unlawful, unfair and fraudulent

19  business acts and practices, and unfair competition, within the meaning of California

20  Business & Professions Code § 17200.  By failing to pay the full amount due its

21  employees, the Employer has gained an illegal and unfair advantage over its

22  employees, and over its competitors who obey the law.

23

24      116.  Plaintiffs are informed and believe, and on that basis allege, that Owner

25  was personally responsible for devising and implementing the policies described in

26  this complaint, that he personally controlled the payments to and from the Employer,

27  that he failed to observe the corporate formalities of the Employer, for the purpose

28  of defrauding creditors such as Plaintiffs, and therefore should be held personally

1  liable for the unfair business practices alleged here.

2

3      117.   Pursuant to California Business & Professions Code §§ 17203 and

4  17204, the Named Plaintiffs have standing to bring this claim, to remedy the harm

5  to them and in the interest of the public.

6

7      118.   Named Plaintiffs seek preliminary and permanent injunctive relief,

8  requiring the Employer to pay its employees according to law.

9

10     119.   Named Plaintiffs seek restitution of the amounts gained by Employer

11  and Owner, through their Unfair Business Practices, on behalf of themselves and

12  other employees similarly situated.

13

14     120.   Plaintiffs are entitled to recover attorney fees and costs for bringing this

15  claim, pursuant to California Code of Civil Procedure § 1021.5.

16

17

18     WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

19

20  I. ON THE FIRST CLAIM FOR RELIEF, AGAINST EMPLOYER AND OWNER,

21  JOINTLY AND SEVERALLY:

22

23     A.  Personal liability for the loss to the Plan resulting from their fiduciary

24  breaches, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a).

25

26     B.  Equitable and injunctive relief, pursuant to ERISA § 502(a)(2), 29 U.S.C.

27  § 1132(a)(2), including but not limited to the following:

28

1     1.     Order an accounting of the contributions which should have been paid

2    into the Plan, all funds owing to the Plan, and all funds actually paid to the

3    Plan;

4     2.     Order an accounting of all payments made to "Benefit Synergy," to the

5    Employer or to the Owner;

6     3.     Place a constructive trust on the Plan assets found to be in the control of

7    the Employer and/or Owner;

8     4.     Such other equitable relief as this Court deems just and proper.

9

10    C. For attorney fees and costs of suit, pursuant to ERISA § 502(g)(1), 29

11  U.S.C. § 1132(g)(1); and

12

13    D. For such further relief as this Court deems just and proper.

14

15  II. ON THE SECOND CLAIM FOR RELIEF, AGAINST EMPLOYER AND

16  OWNER, JOINTLY AND SEVERALLY:

17

18    A. Personal liability for the loss to the Plan resulting from their fiduciary

19  breaches, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a).

20

21    B. Equitable and injunctive relief, pursuant to ERISA § 502(a)(2), 29 U.S.C.

22  § 1132(a)(2), including but not limited to the following:

23

24     1.     Order an accounting of the contributions which should have been paid

25    into the Plan, all funds owing to the Plan, and all funds actually paid to the

26    Plan;

27     2.     Order an accounting of all payments made to "Benefit Synergy," to the

28    Employer or to the Owner;

3.    Place a constructive trust on the Plan assets found to be in the control of the Employer and/or Owner;

4.    Such other equitable relief as this Court deems just and proper.

C.  For attorney fees and costs of suit, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

D.  For such further relief as this Court deems just and proper.

III. ON THE THIRD CLAIM FOR RELIEF, AGAINST EMPLOYER AND OWNER, JOINTLY AND SEVERALLY:

A.  Personal liability for the loss to the Plan resulting from their fiduciary breaches, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a).

B.  Equitable and injunctive relief, pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), including but not limited to the following:

1.    Order an accounting of the contributions which should have been paid into the Plan, all funds owing to the Plan, and all funds actually paid to the Plan;

2.    Place a constructive trust on the Plan assets found to be in the control of the Employer and/or Owner;

3.    Such other equitable relief as this Court deems just and proper.

C.  For attorney fees and costs of suit, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

1    D.  For such further relief as this Court deems just and proper.

2

3  IV.  ON THE FOURTH CLAIM FOR RELIEF, AGAINST EMPLOYER, ON

4  BEHALF OF NAMED PLAINTIFFS GALVAN, MILLAN, GONZALEZ,

5  MILLAN-MARTINEZ, AND VELAZQUEZ.

6

7    A.  An injunction requiring the Employer to provide to Plaintiffs ALL the

8  documents requested in their letters of December 21, 2007 for Galvan, Millan,

9  Gonzalez, and Millan-Martinez and January 3, 2008 for Velazquez;

10

11    B. Judgment in the amount of $100 per day, per Plaintiff, per Plan, from

12  January 31, 2008 until the date this Complaint is filed for Galvan, Millan, Gonzalez,

13  and Millan Martinez, and from February 3, 2008 until the date this Complaint is

14  filed for Velazquez, pursuant to ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B);

15

16    C.  For attorney fees and costs of suit, pursuant to ERISA § 502(g)(1), 29

17  U.S.C. § 1132(g)(1); and

18

19    D.  For such further relief as this Court deems just and proper.

20

21  V.  ON THE FIFTH CLAIM FOR RELIEF, AGAINST PLAN 1, THE EMPLOYER

22  AND OWNER:

23

24    A.    For an Order requiring an accounting of all assets and liabilities of

25  Plan 1, including all transactions between the Plan, Employer, Owner and "Benefit

26  Synergy" and all credit for benefits which Plaintiffs and members of SUBCLASS 1

27  may be entitled, pursuant to the equitable power of this Court under 29 U.S.C. §

28  1370(a)(2);

B.   For an injunction, pursuant to 29 U.S.C. § 1370(a)(1)  voiding the proposed termination, and not allowing Plan 1 to be terminated until the accounting described above has been completed, and any assets belonging to Plan 1 returned, and until the proper notices have been given, in accordance with 29 U.S.C. § 1341(a);

C.   For an award of attorney fees and costs, pursuant to 29 U.S.C. § 1370(e); and

D.  For such further relief as this Court deems just and proper.

VI.  ON THE SIXTH CLAIM FOR RELIEF, AGAINST EMPLOYER:

A.  For all weekly overtime compensation due and unpaid, as shown by proof at trial;

B.  For liquidated damages, in an amount equal to the unpaid overtime pay, pursuant to 29 U.S.C. § 216(b);

C.  For fees and costs of suit, pursuant to 29 U.S.C. § 216(b); and

D.  For such further relief as this Court deems just and proper.

VII.  ON THE SEVENTH CLAIM FOR RELIEF, AGAINST EMPLOYER:

A. Judgment for the full amount of the minimum and prevailing wages owed

1  them, according to proof at trial;

2

3      B.  Judgment for the full amount of daily and weekly overtime wages owed at

4  the correct rate, according to proof at trial;

5

6      B.  Interest on the unpaid minimum and prevailing wages, and the unpaid

7  overtime, from the dates each was due, pursuant to Labor Code § 1194;

8

9      C.  Liquidated damages in an amount equal to the minimum wages unpaid, in

10 addition to the amount alleged above, pursuant to California Labor Code § 1194.2;

11

12     D. Reasonable attorney fees and costs pursuant to California Labor Code §

13 1194(a); and

14

15     E. For such further relief as this Court deems just and proper.

16

17 VIII.  ON THE EIGHTH CLAIM FOR RELIEF, AGAINST EMPLOYER:

18

19     A. Judgment for the amount of wages unlawfully deducted for uniforms or

20 other purposes, according to proof at trial;

21

22     B.  Interest on the amount unlawfully deducted, from the dates each was

23 deducted, pursuant to Labor Code § 1194;

24

25     C.  Liquidated damages in an amount equal to the unlawful deductions, in

26 addition to the amount alleged above, pursuant to California Labor Code § 1194.2;

27

28     D. Reasonable attorney fees and costs pursuant to California Labor Code §

1  1194(a); and

2

3      E. For such further relief as this Court deems just and proper.

4

5

6  IX. ON THE NINTH CLAIM FOR RELIEF, AGAINST EMPLOYER:

7

8      A. Judgment in the amount of one hour of pay for each meal or rest period

9  which they were not allowed to take, according to proof, pursuant to California

10 Labor Code sections 226.7 and 512(a);

11

12     B. Attorney fees and costs of suit; and

13

14     C. Such further relief as this Court deems just and proper.

15

16 X.  ON THE TENTH CLAIM FOR RELIEF, IN FAVOR OF PLAINTIFFS

17 GOMEZ, DURAN-TOVAR, GALVAN, GARCIA-TOVAR, ANTONIO JIMENEZ,

18 VELAZQUEZ, MILLA, MILLAN, MILLAN-MARTINEZ, ROJAS AND THE

19 SUBCLASS OF TERMINATED EMPLOYEES ONLY, AGAINST EMPLOYER:

20

21     A. Judgment for one day's wages for each day from termination to payment,

22 up to a maximum of 30 days' wages per employee;

23

24     B. Attorney fees and costs; and

25

26     C. Such further relief as this Court deems just and proper.

27

28

155789.2

1  XI. ON THE ELEVENTH TENTH CLAIM FOR RELIEF, AGAINST EMPLOYER
2  AND OWNER:

3

4      A.    For an Accounting and Restitution of the difference between the wages
5  actually paid, and the wages required by law to be paid;

6

7      B.    For a preliminary injunction and a permanent injunction enjoining
8  Defendants from employing workers without complying with California state wage
9  and hour laws including the prevailing wage laws; and

10

11     C.    For attorney fees and costs of suit, pursuant to California Code of Civil
12  Procedure § 1021.5; and

13

14     D.  Such further relief as this Court may deem just and proper.

15

16  ON ALL CAUSES OF ACTION:

17

18      For reasonable attorney's fees and costs of suit.

19

20                              Respectfully Submitted,

21

22  Dated: August 6 , 2008            ALEXANDER B. CVITAN,
23                              J. DAVID SACKMAN, and
                              NATALIA BAUTISTA, Members of
24                              REICH, ADELL & CVITAN
                              A Professional Law Corporation
25  .                           By: _Natalia Bautista_____
26                              NATALIA BAUTISTA
                              Attorneys for Plaintiff
27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury to the fullest extent permitted in this action, including any claims by Defendants in this action.

Dated: August 6, 2008

ALEXANDER B. CVITAN,
J. DAVID SACKMAN, and
NATALIA BAUTISTA, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation

By: _____
NATALIA BAUTISTA
Attorneys for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Enedino Duran Gomez; et al. (see attached sheet)

**DEFENDANTS**

Rossi Concrete, Inc., et al. (see attached sheet)

FILED

AUG 07 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                  DEPUTY

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Alexander B. Cvitan, Esq., Reich Adell & Cvitan (see attached sheet)

Attorneys (If Known)

08 CV 1442 BTM CAB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 1132 (a) (2)

Brief description of cause:
Violations of ERISA fudiciary duties over which this Court has jurisdiction

**VII. REQUESTED IN COMPLAINT:**

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):    JUDGE _____   DOCKET NUMBER _____

DATE
08/06/2008

SIGNATURE OF ATTORNEY OF RECORD
_Natalia Bautista_

**FOR OFFICE USE ONLY**

RECEIPT # 153805   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

SAC 8/8/08

Civil Cover Sheet Continuation


**I. (a) PLAINTIFFS**

ENEDINO DURAN GOMEZ; GERARDO DURAN TOVAR;  REYNALDO
GALVAN; OSCAR GARCIA-TOVAR; ZACARIAS GUTIERREZ MILLA; ALVARO
JUAN JIMENEZ; ANTONIO JIMENEZ; ANDRES MILLAN; JUAN MILLAN-
MARTINEZ; BENITO ROJAS; RAFAEL VELAZQUEZ, and a Class of similarly-
situated employees and participants


**DEFENDANTS**

ROSSI CONCRETE, INC., a California Corporation; JOSEPH JAMES ROSSI, an
individual; ROSSI CONCRETE, INC. DEFINED BENEFIT PENSION PLAN, an
employee pension benefit plan

(c)    Attorney's (Firm Name, Address and Telephone Number)
       Alexander B. Cvitan, Esq.
       J. David Sackman, Esq.
       Natalia Bautista, Esq.
       REICH, ADELL & CVITAN, A PLC
       3550 Wilshire Blvd., Suite 2000
       Los Angeles, CA 90010

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153805    — TC

# August 08, 2008
# 10:24:12

### Civ Fil Non-Pris
USAO #.: 08CV1442
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC2195

# Total—> $350.00

FROM: ENEDINO DURAN GOMEZ
        VS
        ROSSI CONCRETE