# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ENEDINO DURAN GOMEZ, et al., | Case No. 08cv1442 BTM (CAB) |
|---|---|
| Plaintiffs, | **ORDER RE APPLICATION TO TAKE MOTION FOR SUMMARY JUDGMENT OFF CALENDAR** |
| v. | |
| ROSSI CONCRETE INC., et al., | |
| Defendants. | |

Defendants seek to take Plaintiffs' motion for summary judgment as to liability on class issues [dock. # 92], which is scheduled to be heard on March 10, 2011, off calendar. Also scheduled to be heard on that date is Plaintiffs' motion to modify the class certification order. [Dock. #89] Pursuant to the magistrate judge's case management order, motions regarding class certification could be filed until February 14, 2011. Defendants filed a motion to decertify the class on that date.

Defendants assert that postponing a determination of Plaintiffs' motion for summary judgment until after class members have been given notice and an opportunity to opt-out is necessary to avoid the problem of "one-way intervention" – whereby a potential class member could await the outcome of a determination on the merits before deciding whether to join the class. The Court agrees. "[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). Absent extraordinary circumstances, it is appropriate to postpone ruling on a plaintiff's motion for summary judgment until after class definition issues are settled, notice has been given, and the period for class members to exclude themselves has expired, in order to protect the defendant from

1  "absent class members . . . opting in or out depending upon the outcome on the merits." *Izaguirre v. Tankersley*, 516 F. Supp. 755, 757 (D. Or. 1981).

In their response, Plaintiffs assert that because they seek only partial summary judgment and not a final judgment on the merits, which could have a *res judicata* effect on class members, the problem of "one-way intervention" is not implicated. (Opp. at 6) However, the Court does not find Plaintiffs' proposed limitation to be appropriate when – as is the case here – a motion for partial summary judgment would reach the merits of the case. *C.f. Schwarzschild*, 69 F.3d 293, 295 ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated.") Although Plaintiffs are correct that in the abstract, "[c]lass members may always judge whether to opt-out or not based on how well the litigation is going so far," (opp. at 6), here, allowing absent plaintiffs to make that determination after the Court adjudicates issues of liability in the underlying case would unfairly prejudice Defendants.

Additionally, relying on *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1383-1384 (D.C. Cir. 1980), Plaintiffs argue that on equitable grounds, the Court should not wait until notice is given before ruling on the summary judgment motion. (Opp. at 3-4) In *Postow*, the District of Columbia Circuit held that there were "equitable reasons" for allowing final class designation and sending of notice to occur after plaintiffs' motion for summary judgment was granted. *Postow*, 627 F.2d at 1383-1384.

Notwithstanding a lack of case law explaining what "equitable reasons" might direct such a conclusion,[1] the Court finds that such equitable considerations are not present here. At a status hearing days after the Court granted in part and denied in part Plaintiffs' motion for class certification, Plaintiffs expressed a desire to seek modification of the class after

---

[1] The *Postow* Court emphasized that it did "not intend to establish an inviolable rule for future cases" and that it was basing its holding on the narrow facts of that case. *Postow*, 627 F.2d at 1383. Moreover, it is unsettled in the Ninth Circuit whether – and if so, in what circumstances – equity can support post-judgment certification and notice after determination of plaintiffs' summary judgment motion. *See Schwarzschild*, 69 F.3d at 297 n.4 ("The District of Columbia Circuit, however, concluded that 'equitable reasons' may allow post-judgment certification and notice in cases in which the plaintiffs have succeeded on summary judgment in certain circumstances. *Postow*, 627 F.2d at 1383. We need not address the merits of that holding here and reserve judgment on that question.").

taking further discovery. (Oct. 5 Status Conf. Tr. 3:10–14) On January 13, 2011, they so moved. [Dock. #89] Thus, this is not a situation where Defendants are solely responsible for a delay in settling class definition issues. Moreover, unlike in *Postow* where the defendant sought to vacate a class certification that was entered after plaintiffs were granted summary judgment, here, Defendants seek only a prophylactic measure to ensure that a summary judgment motion is not decided until after class members are given notice and an opportunity to opt-out. Finally, Plaintiffs argue that postponing determination of their summary judgment motion would result in prejudice due to a delay in having experts analyze payroll records. (Opp. at 7) Although the Court recognizes the possibility that the case management schedule may need to be altered depending on when the motion for summary judgment is decided, the Court questions the impact of delaying expert analysis of payroll records on a potential trial date given that no other aspect of this case hinges on the determination of Plaintiffs' summary judgment motion. Regardless, any prejudice to Plaintiffs caused by this delay would not outweigh prejudice to Defendants if there was an early determination of the summary judgment motion prior to the conclusion of the opt-out period.

For these reasons, the Court **GRANTS** Defendants application and **DENIES** Plaintiffs' motion for summary judgment as to liability on class issues [dock. # 92] without prejudice. Plaintiffs may re-file their motion as soon as the two pending motions regarding class certification are decided, notice has been given, and the period for class members to exclude themselves has expired.

In the alternative, Plaintiffs ask the Court to order the notice procedure to begin immediately – before motions related to the class certification are decided. As stated at the status hearing, however, sending notice before class issues are settled may result in multiple notices and thus create confusion for potential class members. Accordingly, this request is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 16, 2011

Honorable Barry Ted Moskowitz
United States District Judge