UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENEDINO DURAN GOMEZ, et al., ) | Civil No. 08-cv-1442 AJB  (CAB) |
| ) | |
| Plaintiffs, ) | **ORDER DENYING PLAINTIFF'S** |
| v. ) | **MOTION TO MODIFY CLASS AND** |
| ) | **DENYING DEFENDANT'S MOTION** |
| ROSSI CONCRETE, INC. et al., ) | **TO DECERTIFY CLASS** |
| ) | |
| Defendants. ) | [Doc. Nos. 89 and 117] |
| ) | |

Plaintiffs have filed a motion to modify the class, [Doc. No. 89], and Defendants have filed a motion to decertify the class. [Doc. No. 117-1.] Based upon the parties moving papers and for the reasons set forth below, these motions are **DENIED.**

### *Background*

Plaintiffs[1] filed this action on behalf of themselves and other similarly situated employees and participants, against Rossi Concrete, Inc. ("Corporation"), Joseph James Rossi ("Owner")[2], and Rossi Concrete, Inc. Defined Benefit Pension Plan ("Plan 1") on August 7, 2008.  The Complaint states eleven claims for relief.  At issue in the instant motion are the Third, Seventh, Tenth and Eleventh Claims.  The Third Claim is for violation of fiduciary duties by the Corporation and the Owner under the Employee Retirement Income Security Act (ERISA) §§409 and 502(a)(2), 29 U.S.C. §§1109, 1132(a)(2) as to one

---

[1] Enedido Duran Gomez, Gerardo Duran Tovar, Reynaldo Galvan, Oscar Garcia Tovar, Zacarias Gutierrez Milla, Alvaro Juan Jimenez, Antonio Jimenez, Andres Millan, Juan Millan-Martinez, Benito Rojas, and Rafael Velasquez

[2] Corporation and Owner will be jointly referred to here as "Employer."

of three pension plans sponsored by the Corporation, referred to as "Plan 3." The Seventh Claim is for failure to pay minimum and overtime wages under Labor Code §1194. The Tenth Claim is for failure to Pay Wages on Termination under Labor Code §203. The Eleventh claim is Unfair Business Practices based on the Seventh through Tenth Claims under Bus. & Prof. Code §17200.

The Court previously granted in part and denied in part the plaintiff's motion for class certification. [Doc. No. 77, at 1.] The Court certified the Plan 3 Sub-Class and found it did "not [need to] certify an over arching main class at this time." [Doc. No. 77, at 13.] The Plaintiff then filed a motion to modify the class in order to add two additional Sub-Classes, a Driver Sub-Class and a Terminated Sub-Class. [Doc. No. 89, at 2.] Defendants filed a motion to decertify the Plan 3 Sub-Class. [Doc. No. 117-1, at 14.]

### *Legal Standard*

On a motion for class certification, a court must generally take the substantive allegations of the complaint as true. *In re Coordinated Pretrial Proceeedings in Petroleum Prods. Antitrust Litigation*, 691 F.2d 1335, 1342 (9th Cir. 1982). Rather than deciding whether the claims have any merit, the inquiry instead focuses on the "nature and range of proof necessary to establish those allegations." *Id*. However, if the merits of the claims overlap with consideration of the Rule 23 factors, a court may look beyond the pleadings to ensure Rule 23's requirements are met. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 594 (9th Cir. 2010). Thus, a court is not bound to accept a plainitff's allegations as true if they relate to class certification issues. *Id*.

### *Discussion*

Plaintiffs filed a motion to modify the class. [Doc. No. 89.] The motion to modify outlined two sub-classes. [Doc. No. 89, at 1.] First was a Driver Sub-Class, applicable only to the Seventh Claim and defined as: class members who were required to drive vehicles to and from job sites as part of their employment with the Employer.[3] [Doc. No. 89, at 3.] The second, Terminated Sub-Class, pertained only to the Tenth Claim and was defined as: those former employees in the Class who were terminated

---

[3] Additionally, Plaintiff is seeking to add the following issue: As to the Driver Sub-Class under the Seventh Claim, whether they were paid the legally-required prevailing wage rate for time spent driving to and from public-works jobs in company vehicles. [Doc. No. 89, at 3.]

or left employment before the filing of this lawsuit.[4] [Doc. No. 89, at 3.] The time period for the original certified sub-class was defined as, "participants, or former participants within the last four years, of the employee benefit plan [. . .]." (Compl. ¶ 21.); [Doc. No. 77, at 2.]

*I. Motion to Modify: Description of the Class Claims to Be Added*

Previously, the Court only certified the Plan 3 Sub-Class because it was the only class that met the requirements of Federal Rule of Civil Procedure Rules 23(a) and (b). [Doc. No. 77, at 13.] Specifically regarding the Driver Sub-Class,[5] the Court found Plaintiff's evidence for numerosity to be insufficient because it was unclear how many of the eighty drivers had worked on public-works projects. [Doc. No. 77, at 12.] Concerning the Terminated Sub-Class,[6] the Court also found that the evidence provided did not satisfy numerosity because "[. . .] Plaintiffs have not cited any evidence showing how many of those 327 field employees worked on public-works projects, which makes it impossible for the Court to determine the size of the Terminated Sub-Class." [Doc. No. 77, at 12.]

*A. Requirements Rule 23(a)*

A plaintiff seeking class certification bears the burden of establishing that each of the four requirements of Federal Rule of Civil Procedure 23(a), and at least one requirement of Rule 23(b), have been met. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 598-99 (9th Cir. 2010). These requirements must be satisfied with respect to each class and sub-class. Fed. R. Civ. P. 23(c)(5); *Betts v. Reliable Collection Agency, Ltd.*, 659 F. 2d 1000, 1005 (9th Cir. 1981). The Court first addresses whether Plaintiffs' proposed sub-classes have satisfied the elements of 23(a).

---

[4] Additionally, Plaintiff is seeking to add the following issue: As to the Terminated Sub-Class under the Tenth Claim, whether these employees were paid all wages due to them (as determined under the Seventh Claim) within the time required by Labor Code §§ 201-203. [Doc. No. 89, at 3.]

[5] The Driver Sub-Class is defined as members who were required to drive vehicles to and from jobsites as part of their employment with the Employer, and whether they were paid the legally-required prevailing wage rate for time spent driving to and from public-works jobs in company vehicles.
This sub-class is applicable to the Seventh Claim for failure to pay minimum and overtime wages under Labor Code §1194 only. Representative Plaintiffs Z. Millan, A. Millan and Martinez are seeking to be certified as representatives of this sub-class.

[6] The Terminated Sub-Class is defined as those former employees in the Class who were terminated or left employment before the filing of this lawsuit, and whether these employees were paid all wages due to them (as determined under the Seventh Claim) within the time required by Labor Code §§201-203.
This sub-class is applicable to the Tenth Claim only. Representative Plaintiffs Galvan, Z. Millan, A Millan and Martinez are seeking to be certified as representatives of this sub-class.

The requirements of Rule 23(a) are that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are known as numerosity, commonality, typicality, and adequacy.

### *1. Numerosity*

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a)(1). The numerosity requirement "requires examination of the specific facts of each case and imposes no absolute thresholds." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980) (citing cases). Although a plaintiff is not required to denote a precise number of class members, "[t]he central question is whether Plaintiffs have sufficiently identified and demonstrated the existence of the numbers of persons for whom they speak." *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 680-681 (S.D. Cal. 1999). In general, courts find numerosity when the class includes at least forty members.[7] Classes of fifteen or less are too small. *Gen. Tel. Co.,* 446 U.S. at 339. Each class and sub-class must meet the numerosity requirement.[8] *See* Fed. R. Civ. P. 23(c)(5); *Traylor v Avnet, Inc.*, 257 F.R.D. 521. 527 (D. Ariz. 2009) (citing *Betts v. Reliable Collection Agency, Ltd.*, 659 F. 2d 1000, 1005 (9th Cir. 1981)) ("When a class is divided into sub-classes, each sub-class must independently meet Rule 23 certification requirements.")

### *a. Driver Sub-Class*

The Court previously denied the Driver Sub-Class because the number of field employees that drove vehicles for the employer while working on public-works projects was unclear. [Doc. No. 77, at 12.] The Plaintiffs have now provided evidence that 34 field employees drove company vehicles to or from public works projects between August 7, 2004 and November 10, 2010. [Doc. No. 89-1, at 8

---

[7]*Rannis v. Recchia*, No. 09-55859, 2010 WL 2124096, at *4 (9th Cir. May 27, 2010); *Dilts v. Penske Logisitics. LLC*, __ F.R.D. __, 2010 WL 1709807, at *4 (S.D. Cal. April 26, 2010) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 482 (2d Cir. 1995))

[8] Plaintiffs argue that Sub-Classes may be certified under Rule 23(d), without regard to the requirements of Rule 23(a). [Doc. No. 89-1, at 6-8.] The Court, however, uses its discretion to find that certification under Rule 23(d) is not appropriate here because of the different issues that must be considered for each sub-class.

1  (citing Bautista Decl. Ex. B, p. 2.).] Plaintiffs' interrogatory, however, is deficient in its temporal scope,
2  because the previously certified Plan 3 Sub-Class is defined as "Participants, or former participants
3  *within the last four years*, of the employee benefit plan [. . .]." (emphasis added) (Compl. ¶ 21.) The
4  period between August 7, 2008, the filing date of the Complaint, and November 10, 2010, the date of the
5  interrogatory response, is outside of the relevant time period, as originally defined by the Plaintiffs.
6  Thus, the newly provided evidence that 34 field employees were affected does not sufficiently identify
7  the number of persons in the sub-class during the relevant time period.[9] Rule 23(a)(1) imposes no
8  absolute threshold, however, there must be sufficient evidence to show that it is impracticable to join.
9  *Gen. Tel. Co.,* 446 U.S. at 339. Failure to provide sufficient information to estimate the number of
10 members in the sub-class during the relevant period again prevents Plaintiffs from establishing
11 numerosity at this time. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir.
12 2009)(reversing finding numerosity where plaintiff failed to provide evidence of number of employees
13 that met class definition); *Schwartz*, 183 F.R.D. at 680-682.
14      Defendants also argue that the interrogatory responses that Plaintiffs have provided do not
15 adequately show the number of sub-class members, because Plaintiffs neglected to specify employees
16 who were "required" to drive a company vehicle. [Doc. No. 119, at 13.] The Court sees no relevance to
17 this "required" to drive distinction, and Defendants do not provide adequate support as to why such a
18 factor should be considered. Moreover, the Court disagrees with Defendants' contention that Plaintiffs'
19 interrogatory needed to specify how many Plan 3 participants currently drive or have driven company
20 vehicles. *Id*. The question, "FIELD EMPLOYEES who drive or have driven any company vehicles to
21 or from public-works projects . . ." is the same definition of participants in Plan 3. [Doc. No. 91-2, at 2.]
22 However, since the evidence offered by Plaintiffs' to establish the number of sub-class members is
23 outside the relevant time period, the Driver Sub-Class lacks evidence to independently meet the
24 numerosity requirement of Rule 23.
25 ///
26 ///

---

28   [9] Defendants' Opposition to Plaintiffs' Motion to Modify Existing the Existing Class did not raise the issue of the interrogatory's relevant time period in regards to the Driver Sub-Class, but only to the Terminated Driver Sub-Class.

### *b. Terminated Sub-Class*

The Court previously denied the Terminated Sub-Class because Plaintiffs did not cite any evidence showing how many terminated field employees worked on public-works projects. [Doc. No. 77, at 12.] The Plaintiffs have now provided evidence that 186 field employees who worked on public works projects have been terminated or laid off by [the Employer] between August 7, 2004 to the present. [Doc. No. 89-1, at 9 (citing Bautista Decl. ¶3, Ex. B, p. 2.).] Defendants argue that the interrogatory response does not sufficiently identify the number of persons in the Terminated Sub-Class, because it does not elicit information regarding Plan 3 participants and it is outside the scope of the sub-class's definition. [Doc. No. 119, at 9-10.] The Court finds that a Plan 3 specification is not necessary since the definition of Plan 3 participants matches the question posed by the Plaintiffs in the interrogatory. The Court does, however, does find that the interrogatory should have been limited to the period of time between August 7, 2005 to August 7, 2008 (the date the Complaint was filed). The three year statute of limitations specified in Labor Code § 203(b) for a liability created by statute under Civ. P. § 338(a) applies here for waiting-time penalties. *Pineda v. Bank of America, N.A.,* 50 Cal.App.4th 1389, 1398 (2010). Thus, members of the sub-class are limited to employees who were terminated or laid off three years prior to the filing of the Complaint. The Court adopts this date, August 7, 2005, because Defendant adopted Plan 3 via a Subscription Agreement in 2003. However, because Plaintiffs' interrogatory included an unknown number of terminated employees outside of the relevant time period, there is insufficient information to estimate the number of members in the sub-class. Plaintiffs have failed to provide sufficient evidence to meet the requirements of Rule 23(a) and (b).

Because the Motion to Modify Class Certification fails to provide sufficient information to meet the Rule 23(a) numerosity requirement, the Court need not address the remaining requirements of Rule 23(a) or (b). Based upon the foregoing, the Plaintiffs' motion to modify the class is DENIED.

### *II. Motion to Decertify Pursuant to Rule* **23(c)(1)(C)**

Defendants filed a motion to decertify the Plan 3 Sub-Class. [Doc. No. 117-1, at 14.] Defendants argue that the definition of the Plan 3 Sub-Class is too broad and will include people who are outside of the scope of the issue at hand. [Doc. No. 117-1, at 14.] Additionally Defendants re-introduce the argument that class treatment in this case is not superior. [Doc. No. 117-1, at 21.]

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). The Ninth Circuit has recognized that this rule "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2011). When a district court exercises this broad discretion it must consider "'whether [the] proposed [class is] sufficiently cohesive to warrant adjudication by representation [and] must focus' on the relationship between the common and individual issues.'" *Kamar v. Radio Shack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010) (citing *Zinser*, 253 F.3d 1180, 1189 (9th 2001)). If Plaintiffs have demonstrated that they meet the criteria set forth in Rule 23, then they should be allowed to pursue their action as a class, and decertification would be inappropriate[10].

The Court previously determined that only the Plan 3 Sub-Class met the criteria of Rule 23(a). [Doc. No. 77, at 13.] This Sub-Class is comprised of 238 members who are, or were, prevailing-wage employees who worked on public-works projects within the relevant time period. [Doc. No. 77, at 11.] All members of this Sub-Class have rights which are affected by the Seventh and Eleventh Claims, thereby establishing Commonality. [Doc. No. 77, at 13.] The Court found that the four moving Plaintiffs of the Sub-Class all worked on public works projects and were therefore members of the Plan 3 Sub-Class. [Doc. No. 77, at 17.] Defendants have not provided evidence showing that the Plaintiffs' claims are not typical of the class they represent. Lastly, the Court found that the named Plaintiffs are all members of the Plan 3 Sub-Class, do not appear to have conflicts with any other members of the class, and are represented by qualified and competent counsel and therefore meet the adequacy standard of Rule 23(a). [Doc. No. 77, at 19.]

Defendants' argue that the Plan 3 Sub-Class is overly inclusive because it includes members who are not uniformly subject to the same employment practices. [Doc. No. 117-1, at 15.] Specifically, Defendants contend that the Sub-Class can include: employees who have never worked on projects subject to CPW law, employees who may have worked exclusively on CPW projects, and employees

---

[10]*Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 580 (9th Cir. 2010); *see also Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000) ("An abuse occurs when a court, in making a discretionary ruling, relies upon an improper factor, omits consideration of a factor entitled to substantial weight, or mulls the correct mix of factors, but makes a clear error of judgment in assaying them.").

who would not be subject to the annualization issue during a particular year. [Doc. No. 117-1, at 14-16.] Defendants fail to give specific evidence of members of the class who fall within these alleged problem areas. Further, the Court has previously found that one of the issues common to the sub-class is whether annualization is even required.[11] [Doc. No. 77, at 16.] Since this issue has yet to be decided, the Court finds that it would not make sense for this to be a limiting factor of the Sub-Class' members at this juncture. Finally, in the Order Granting in Part and Denying in Part, the Court addressed many of these similar concerns by simply saying, "Having to determine who is in the class and who is not, will not defeat class certification." [Doc. No. 77, at 22.]

To the extent the Defendant's motion to decertify the class attempts to raise the same arguments previously considered and rejected by this Court in ruling on Plaintiff's motion for class certification, without presenting newly discovery evidence or an intervening change in the law or demonstrating how the Court committed clear error, the Court finds the Defendants motion to be improperly seeking reconsideration of this Court's class certification ruling. For the reasons set forth above, the Defendants' motion to decertify the class is hereby DENIED.

### *Conclusion*

For reasons set forth above, the Plaintiffs' motion for class certification and the Defendants' motion to de-certify the class are hereby **DENIED**.

IT IS SO ORDERED

DATED: January 31, 2012

Hon. Anthony J. Battaglia
U.S. District Judge

---

[11] Defendants previously argued that the annualization issue would require too much individual inquiry and the Court stated, "Although there will be individual inquiries necessary to assess any potential damages, at the very least there are 'shared legal issues with divergent factual predicates' and so the commonality requirement is satisfied." [Doc. No. 77, at 16 (citing *Dukes*, 603 F.3d at 559.).]